UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND MAINOR,                              )
                                            )
                Plaintiff,                  )
                                            )      CIVIL ACTION NO. 3:19cv491
        v.                                  )
                                            )      28 U.S.C. § 2671, et seq.
UNITED STATES OF AMERICA,                    )
FEDERAL BUREAU OF PRISONS,                   )
DOUGLAS K. WHITE, in his official           )
 capacity,                                  )
JUSTIN RAY ORMOND, in his official          )
 capacity,                                  )           **FILED**
B. BEAVER, in his official                  )          SCRANTON
 capacity,                                  )
M. BLACKWELL, in her official               )          MAR 1 9 2019
 capacity,                                  )
L. GETZ, in her official capacity,          )      Per_____
                Defendant(s).               )           DEPUTY CLERK
                                            )

COMPLAINT FOR DAMAGES AND INJUNCTION

    Plaintiff, RAYMOND MAINOR ("Mainor") brings this action against defendant(s)
UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS, DOUGLAS K. WHITE
in his official capacity, JUSTIN RAY ORMOND in his official capacity,
B. BEAVER in his official capacity, M. BLACKWELL in her official capacity,
L. GETZ in her official capacity under the Federal Tort Claims Act, 28
U.S.C. 2671, et seq., for the negligent and tortious acts and injunctive
relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.


    Plaintiff avers based on personal knowledge as to his own acts, acts
witnessed as being done by others including the defendants, or otherwise
upon information and belief:

1

JURISDICTION AND VENUE

1.    This action is brought pursuant to 28 U.S.C. § 2671, et seq, the Federal Tort Claims Act £"FTCA"· for relief from the commission of tortious acts. Plaintiff has exhausted all administrative remedies.

2.    Plaintiff seeks injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (e) because, among other things, a substantial part of the events or omissions giving rise to the claims occurred within the Middle District of Pennsylvania.

PARTIES

4.    Plaintiff RAYMOND MAINOR ("MAINOR") is a citizen of the United States.

5.    Defendant UNITED STATES OF AMERICA is made a party to this action pursuant to the provision of 28 U.S.C. §§ 2671, et seq.

6.    Defendant FEDERAL BUREAU OF PRISONS ("BOP") is an agency within the meaning of 5 U.S.C. § 552(e) of the defendant UNITED STATES OF AMERICA.  This agency is responsible for maintaining the accuracy of information in their files to assure fairness to individual prisoners as party of the statutory due of care.

7.    The United States of America is·the appropriate party with certain exceptions, for injuries caused by the negligent or wrongful act or omission of any federal employee acting within the scope of his or her employment, in accordance with the law of the state where the act or omission occurred.

8.    The United States of America is the appropriate party for injuries caused by investigate or law enforcement officers arising out of negligence, negligent supervision, and malicious prosecution.

9.    The employees of the BOP are considered investigative and law enforcement officers under 28 U.S.C. § 2680(h).  Because BOP employees are

considered investigative and law enforcement officers, the United States is the appropriate party for injuries caused by the negligent or wrongful act or omission of BOP employees.

10.  Defendant DOUGLAS K. WHITE ("White") is the Warden at LSCI Allenwood. As Warden, White exercises control, dominion, supervision and management of the prison.  As Warden and each BOP employee have a duty to promptly investigate claims by inmates regarding the use of false information, or records containing erroneous information.  At all relevant times, this defendant was acting within the scope of his employment with the consent of the United States.  This defendant is sued in his official capacity, as he was acting within the scope of his employment.

11.  Defendant JUSTIN RAY ORMOND ("ORMOND")is the Regional Director for the Northeast Region (NERO).  Ormond exercises control, dominion, directs, supervises and manages the daily operation of Allenwood.  At all relevant times, this defendant was acting within the scope of his employment with the consent of the United States.  This defendant is sued in his official capacity.

12.  Defendant B. BEAVER ("Beaver") is the Unit Manager and direct supervisor of Defendant L. Getz.  As Unit manager, Beaver exercises control, dominion, directs and supervises L. Getz and her work as well as ensuring that erroneous information is not use to adversely affect inmates.  At all relevant times, this defendant was acting within the scope of his employment with the consent of the United States.  This defendant is sued in his official capacity.

13.  Defendant L. GETZ ("Getz") is a case manager and responsible for inmate's case files maintanance.  Getz is accountable to B. Beaver, White, and Ormond as well as the United States for the erroneous use of information against prisoners.  At all relevant times, Getz was acting within the scope of her employment with the consent and permission of the United States.  This defendant is sued in her official capacity.

13a.  Defendant M. Blackwell ("Blackwell") was the acting Unit Manager and direct supervisor of Defendant L. Getz.  As acting Unit manager, Blackwell exercises control, dominion, supervises, and directs the actions of L. Getz as well as ensuring that erroneous information is not used to adversely affect inmates.  At all relevant times, this defendant was acting within the scope of her employment with the consent and permission of the United States.  This defendant is sued in her official capacity.

3

FACTUAL ALLEGATIONS

A.   STATUTORY AND REGULTORY FRAMEWORK

14.  Case Managers like Getz is responsible for the accuracy of the inmate records and maintaining it's accuracy and completeness.  Getz is responsible with Beaver, White, Ormond to ensure that inmate records are maintained accurately, and erroneous information is not used to adversely affect their custody. Getz is responsible for inmate classifications under the supervision of Beaver, White, Ormond and the United States.

15.  Beaver exercises supervisory authority over the Unit Team Staff including Getz.  B. Beaver, along with White and Ormond are responsible for directing managing, reviewing and auditing the activities of L. Getz and correcting erroroneous information based on her actions. Whereever Beaver is mentioned, Blackwell is also alleged to have committed those acts.

16.  Pursuant to 18 U.S.C.§ 4042, the defendants owe a duty of care to federal prisoners.

17.  BOP Program Statement ("PS") 5100.08 explains that inmates are classified into one of five security levels, namely minimum, low, medium, high and administrative based on the level of security and staff supervision the institution is able to provide.  See PS 5100.08, Chapt. 1, Page 1.  BOP inmates are classified based on factors such as the level of security and supervision the inmate requires and the inmates program needs.  The initial classification is done in accordance with "information from the sentencing court, the U.S. Probation Office, the U.S. Marshals, U.S. Attorney's Office about the inmate into a computer database called SENTRY.

18.  A Public Safety Factor is relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public.  PSF are normally applied on the Inmates Load and Security Designation Form (BP-337) prior to an inmate's initial assignment to an institution.  However, additions or deletions may be made at anytime thereafter in the Custody Classification Forms.

19.   Pursuant to 18 U.S.C. § 3664 sentencing courts impose fines and restitution. The same statute authorizes only courts to set payment schedules for fines and restitution.  Delegation of such authority is impermissive.

20.   BOP PS 3420.11 Employee Standards of Conduct are the ethical duty and obligations each BOP employee is required to follow, including Getz, Beaver, White, ormond.  Each employee signs an acknowledgement for which confirms receipt of these rules and regulations and the employees agreement to abide to those rules.  Certain conduct of employees are deemed violations of those standards and are outlined on Attachment A of the document.

21.   Each BOP employee executes a SF-61 Affidavit of Appointment, Oath of Office agreeing to obey the Constitution and laws of the Untied States. "[A]n inmate is entitled to expect the BOP to follow it's own policies." Anderson v. Smith, 697 F.2d 239 (8th Cir. 1983).

22.   The duty of each BOP employee provides that it must maintain all records with such accuracy, relevance, timeliness, and completeness as is reasonable necessary to assure fairness to the individual in the determination.

23.   That duty requires as long as the information contained in the BOP files is capable of being verified, the BOP must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual. If the BOP willfully or intentionally, negligently fails to maintain its records it will be liable to that person for damages under the Federal Tort Claims Act.  United States v. Jones, 91 F.3d 623 (3d Cir. 1995)(applying federal duty of care to negligence claim of federal prisoner).

B.   RELEVANT FACTS IN THIS CASE AT HAND

24..  Plaintiff is a federal prisoner confined at LSCI Allenwood who was sentenced and ordered to pay a fine of $60,000.  The Court at the time of sentencing set a payment schedule of $25.00 per quarter when an inmate is not working at UNICOR.

25.   On or about May, 2015 Plaintiff entered into an agreement to pay $25.00 per quarter towards the fine consistent with the Court Order. (Exh.

'1').  Plaintiff quarterly payments were automatically taken and paid without issue.  The Defendants White, Ormond, Beaver and Getz are collecting a fine towards a judgment dated May 21, 2008 which does not exist in the sentencing Court files and thus is not a valid order.

26.  Defendant L. Getz has a known history for abusing her authority and retaliating against inmates, including the use of intimidation and harrassment. Further abuse of authority includes the placement of management variables on inmates so they cannot transfer or to keep them at a higher custody, or falsification of custody level points to achieve the same results described above.  Defendant Beaver, White, Ormond are well aware of her unlawful actions and omissions, but have refused to take corrective actions as required by PS 3420.11.

27.  Getz is Plaintiff's assigned case manager at LSCI Allenwood.

28.  On or about August 18, 2018 Getz took it upon herself to go into SENTRY and cancel Plaintiff's quarterly payments of $25.00 without his consent, permission or knowledge of the Plaintiff.

29.  After cancelling Plaintiff's automatic payments for $25.00, Getz took it upon herself to place Plaintiff on a status known as "FRP refusal" which denied him privileges such as restricting his spending limit to $25.00 per month verses the $260 per month allowed by the BOP and given to other inmates as punishment and retaliation.

30.  Getz then altered Plaintiff's custody level points and placed a management variable so he cannot transfer to a minimum custody institution using the FRP refusal status created by Getz as a basis for the adjustments.

31.  When Plaintiff filed administrative grievances against Getz for her unlawful acts and omissions, she provided false statements in connection with the administrative remedy process that Plaintiff refused to sign a new contract. When said "new contract" was requested she could not produce it.  When Plaintiff requested a copy of the refusal form or request for the cancellation of the $25.00 quarterly payment, Getz could not provide it.

32.  Getz has no authority to set payment schedules or amounts.  Such authority is solely for the sentencing courts as provided for in 18 U.S.C. § 3664.

33.  Similiarly, Getz did the same thing to another inmate, Bryan Peralta, place the inmate on FRP refusal because he had to send some funds to his girlfriend to help with their baby around the same period of time.  Getz the forced and intimidated that inmate to pay $75.00 all at one time without authority or permission from the sentencing court.

34.  Defendants Beaver, White and Ormond have negligently failed to properly provide any level of supervision over Getz, which allowed her to commit the unlawful acts and omissions.

35.  As demonstrated by Exh. 'A' (incorporated herein as if fully stated) Plaintiff's payments were current as of June 12, 2018, with the next payment due on September 8, 2018.  Had Getz not cancelled Plaintiff's payment in August, 2018, Plaintiff would have continued to make quarterly payment and there would be no justification for Plaintiff to be on refusal status.

36.  Getz knowingly, intentionally, wantonly and maliciously cancelled Plaintiff's payment due in September, 2018 to place plaintiff in FRP refusal.  In doin so, Getz knowingly and intentionally falsified Plaintiff's record that he cancelled his $25.00 payments due in September, 2018.

37.  Getz further used her unlawful and illegal acts to erroneously alter Plaintiff's cusoty points based on the FRP refusal she created by her acts as well as adding a management variable so Plaintiff cannot transfer to a minimum custody facility.

38.  The falsification of a Bureau record is a violtion of the BOP Employee Standrds of Conduct, #37 as well as retaliation against inmtes.

39.  When Administrative Remedies were filed (Exh. 'B', 'C', 'D', ) about Getz's miscodnuct, she provided material omissions, concealed material facts and made false statements to conceal her misconduct.  Defendants Beaver Ormond, and White knew of her misconduct but took no action to correct it.

Defendants Beaver, Ormond and White covered up and aided an abetted Getz's misconduct by providing false and misleading responses to Plaintiff's administrative remedies despite knowing that such responses were false.

40.  Getz's behavior exhibits a practice, pattern and custom of most of the staff at Allenwood.  The acts of Beaver, White, and Ormond also is a practice, pattern and custom, to cover-up negligent misconduct and deny inmates relief.  As a result of the egregious conduct such as Getz's goes unreport out of fear of retaliation, another common practice and pattern.

41.  Getz's used erroneous information based on her bad acts to alter plaintiff's custody points and add a management variable was a violation of her duty and obligation to maintain and record accurate information.

42.  Defendant's Beaver, White, Ormond are responsible for the training and supervision of Getz.  They were negligent in that duty when they allowed her to erroneously add a management variable, alter plaintiff custody points and change of status to FRP refusal. Had Defendants Beaver, White or Omond properly supervised Getz, such negligent acts would not have occurred.

COUNT I - NEGLIGENCE

43.  Plaintiff re-alleges paragraphs 1 through 42 as if fully set forth here.

44.  This claim is brought pursuant to 28 U.S.C. § 2671, et seq.

45.  The UNITED STATES OF AMERICA is responsible for the acts of their agents, officers, servants, and employees under the doctrine of respondeat superior.

46.  The actions of Getz, Beaver, White and Ormond set forth in paragraphs 1-43 constitute negligence in violation of Pennsylvania common law.  Getz, Beaver, White and Ormond had a duty to ensure that his $25.00 payment was made each quarter.  Getz breached that duty and was negligent when she cancelled his $25.00 payment and placed him in FRP refusal status.

47.   Getz, Beaver, White and Ormond failed to "properly record and maintain records pertaining to Plaintiff and allowing an erroneous FRP refusal status, custody points to be increased, and a management variable to be added to his record as a result of the negligent acts of Getz.

48.   This breach of duty constituted negligence in violation of Pennsylvania law and was the direct and proximate cause o Plaintiff's pain and injury. Under the FTCA the defendant UNITED STATES OF AMERICA is liable to plaintiff for the unlawful action of Getz, Beaver, White and Ormond as they were acting within the scope of their employment with the consent and permission of the United States as law enforcement officers of the BOP.

49.   Getz, White, Ormond and Beaver willfully, deliberately, maliciously, and wantonly failed to properly record and maintain the records even after Plaintiff filed numerous requests and inmate grievances.

50.   As a direct, proximate, and reasonably foreseeable result of the actions of Getz, Beaver, White and Ormond, plaintiff has suffered damages including pain and suffering, mental anguish, all of which are continuing or are permanent in nature.

WHEREFORE, Plaintiff demands judgment against the Defendant UNITED STATES OF AMERICA for compensatory and punative damages, intersts, costs, and scuh further relief as the Court deems proper to deter such future misconduct.

COUNT II - NEGLIGENT SUPERVISION

51.   Plaintiff re-alleges paragraphs 1-50 as if fully set forth herein.

52.   This claim is brought pursuant to 28 U.S.C. § 2671, et seq.

53.   The UNITED STATES OF AMERICA is responsible for the acts of their agents, officers, servants, and employees under the doctrine of respondeat superior.

54.   Beaver, White and Ormond owe a duty of ordinary care to ensure that Getz did not fail to properly maintain or record an erroneously FRP refusal

9

status based on her unlawful acts, increase in plaintiff's custody points
and addition of a management variable.  Defendant White, Beaver and Ormond
failed to train and supervise its employees with respect to abuse of authority,
staff misconduct, and to properly maintain or record information.

55.  Defendants White, Beaver, and ormond allowed Getz to erroneously
place a status of FRP refusal, increase of custody points and management variable
based on erroneou information.  Such acts demonstrate a breach of the duty
to properly supervise Getz. More egregious they knew and covered it up.

56.  White, Beaver and Ormond willfully, knowingly, maliciously and wantonly
failed to properly ensure that Getz does not fail to maintain and record information
regarding plaintiff.

57.  This breach of duty constituted negligence supervision in violation
of Pennsylvania law and was the direct, proximate and reasonably foreseeable
result of the actions of Getz.  Plaintiff has suffered damages, including
pain and suffering, mental anguish, all of which are continuing.

WHEREFORE, Plaintiff demands judgment against the defendant UNITED STATES
OF AMERICA for compensatory and punative damages, interests, costs and such
further relief as the Court deems proper to deter such future misconduct.

COUNT III - MALICIOUS PROSECUTION

58.  Plaintiff re-alleges paragraph 1-57 as if fully set forth herein.

59.  This claim is brought pursuant to 28 U.S.C. §§ 2671, et seq.

60.  The UNITED STATES OF AMERICA is responsible for the acts of their
agents, officers, servants, and employees under the doctrine of respondeat
superior.

61.  Getz, Beaver, White, and Ormond owed a duty of ordinary care to ensure
that Plaintiff is not maliciously prosecuted for the illegal acts of Getz.
When Getz fabricated and falsified Plaintiff's BOP records she illegally

prosecuted Plaintiff and then adjusted his status to FRP refusal, changed his custody points and added a management variable.

62.  Getz, White, Beaver, and Ormond had actual or constructive knowledge that Plaintiff should not have been classified as FRP refusal, had his custody points changed and a management variable added, yet the took no action.  Plaintiff has consistenly reminded Getz, Beaver, White and Ormond that he is not subject to these actions of Getz and still they took no corrective action.

63.  Getz, White, Beaver and Ormond acted with legal or actual malice when placing and allowing the FRP refusal status , change to his custody points and addition of a management variable.  There was ample evidence that Getz's action was malicious and Beaver, White, and Ormond covered it up.

64.  As a direct, proximate, and reasonably foreseeable result of the actions of Getz, Beaver, White, and Ormond, plaintiff has suffered damages, including pain and suffering, all of which are continuing or are permanent in nature.

WHEREFORE, Plaintiff demans judgment against the defendant UNITED STATES OF AMERICA for compensatory and punative damages,  interests, costs and such further relief as the Court deems proper.

### COUNT IV - INJUNCTIVE RELIEF

65.  Plaintiff re-alleges paragraphs 1-64 as if fully set forth herein.

66.  Plaintiff and defendants have adverse legal interests that are of sufficient immediacy and reality to warrant the issuance of an injunction.

67.  A failure to enjoin the defendants unlawful conduct has and will continue to cause Plaintiff to suffer injury in that it will result in the deprivation of rights and protections against agency action that is arbitrary, capricious, in bad faith, or contrary to law.

68.  No adequate remedy at law exists.

69. Defendant's unlawful conduct will also adversely affect the interests of numerous prisoners without advancing public interests.

70. Plaintiff is entitled to injunctive relief enjoining Defendants from continuing their unlawful practice, pattern and custom of conduct as alleged in this complaint.

71. Defendants have no protectable interest in the continuation of their illegal and unlawful conduct.

72. Pursuant to Rule 65, Fed.R.Civ.P. the Plaintiff requests an injunction requiring the defendants to remove the FRP refusal status, restore Plaintiff's custody points and remove the management variable. As well as reviewing all of the management variables assigned to the 100's of inmates to deprive them of the ability to transfer to a minimum custody institutional or have been threated and intimidated into doing "gatepass."

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enjoin the defendants to remove the FRP refusal status, restore Plaintiff's custody points and remove the management variable. In addition appoint an independent case manager to review the files of the Defendant's to identify and remedy any other prisoner who has been subect to the unlawful and illegal conduct of the defendants;

b. Enter judgment for compensatory damages on each of the counts alleged herein;

c. A jury trial to determine the amount of punative damages to deter misconduct and the illegal and unlawful acts of the defendants in the future

d. Enjoin and restrain Defendants, their agents, employees and successors and all persons acting in concert or participating with them from applying management variables and increasing custody points based on the unlawful conduct alleged herein;

12

e.  Award Plaintiff costs of litigation;

f.  Hold Defendants Getz, Beaver, Blackwell, White, Ormond accountable
    for their negligent conduct and enter judgment against the UNITED
    STATES for compensatory damages;

g.  Any further relief the Court deems just and proper.

Dated:  March /2, 2019.


I declare the foregoing to be true and correct to the best of my knowledge
and belief under penalty of perjury.


Respectfully submitted,

Raymond Mainor,
#59883-066
LSCI Allenwood
P O Box 1000
White Deer, PA 17887

EXHIBIT A

```
  ALFG4          *      INMATE FINANCIAL RESPONSIBILITY     *       10-03-2018
PAGE 002 OF 002 *  DISPLAY INMT FINANCIAL OBLG ADJUSTMENTS  *       10:28:39


REGNO: 59883-066  OBLG NO: ALL    NO. ADJ TO VIEW: 15     FUNC: DSS
NAME.: MAINOR, RAYMOND                   TYPE OBLG: FINE USDC
OBLG STATUS.: WAIT PLAN     OBLG BAL..: 59450.00        OBLG NO: 2
```

| DATE ADDED | FCL | ADJ TYPE | ADJ REASON | ADJ AMT | DEP NO. | DETAIL |
|------------|-----|----------|------------|---------|---------|--------|
| 10-03-2018 | ALF | PAYMENT | PRIOR PYMT | 25.00 | | N |
| 10-03-2018 | ALF | PAYMENT | PRIOR PYMT | 100.00 | | N |
| 10-03-2018 | ALF | PAYMENT | PRIOR PYMT | 25.00 | | N |
| 06-12-2018 | ALF | PAYMENT | INSIDE PMT | 25.00 | 8091 | N |
| 03-13-2018 | ALF | PAYMENT | INSIDE PMT | 25.00 | 8061 | N |
| 12-12-2017 | ALF | PAYMENT | INSIDE PMT | 25.00 | 8031 | N |
| 09-12-2017 | ALF | PAYMENT | INSIDE PMT | 25.00 | 7121 | N |
| 06-13-2017 | ALF | PAYMENT | INSIDE PMT | 25.00 | 7091 | N |
| 03-14-2017 | ALF | PAYMENT | INSIDE PMT | 25.00 | 7061 | N |
| 12-13-2016 | ALF | PAYMENT | INSIDE PMT | 25.00 | 7031 | N |
| 09-13-2016 | ALF | PAYMENT | INSIDE PMT | 25.00 | 6121 | N |
| 06-14-2016 | ALF | PAYMENT | INSIDE PMT | 25.00 | 6091 | N |
| 12-11-2015 | FOR | PAYMENT | INSIDE PMT | 25.00 | 6031 | N |
| 09-11-2015 | FOR | PAYMENT | INSIDE PMT | 25.00 | 5121 | N |
| 06-12-2015 | FOR | PAYMENT | INSIDE PMT | 25.00 | 5091 | N |

```
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

EXHIBIT B

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

REC'D-PROB

2008 MAY 23 PM 3:19

Eastern _____ District of _____ Pennsylvania

USDC-PHILA

UNITED STATES OF AMERICA

**v.**

RAYMOND MAINOR

**JUDGMENT IN A CRIMINAL CASE**

Case Number:          06-140-1

USM Number:          59883-066

Stephen Lacheen, Esq.
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)   1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s and 10s.
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1),(b)(1)(A); 18:2 | Possession with Intent to Distribute 5 Kilos or More of Cocaine; Aiding and Abetting. | 3/8/2006 | 1s |
| 21:860(a); 18:2 | Possession with Intent to Distribute 5 Kilograms or More of Cocaine within 1000 Feet of a School; Aiding and Abetting. | 3/8/2006 | 2s |
| 21:841(a)(1),(b)(1)(B) | Possession with Intent to Distribute 500 Grams or More of Cocaine; Aiding and Abetting. | 3/8/2006 | 3s |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: *May 22, 2008*

ATTEST: *R. Buengle*

DEPUTY _____ COURT
EASTERN DISTRICT OF PENNSYLVANIA

April 24, 2008
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Lawrence F. Stengel, U.S. District Judge
Name and Title of Judge

*May 21, 2008*
Date

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1A

| | | | Judgment—Page ___2___ of ___7___ |
| --- | --- | --- | --- |

DEFENDANT:      RAYMOND MAINOR
CASE NUMBER:    06-140-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 21:860(a) | Possession with Intent to Distribute 500 Grams or More of Cocaine within 1000 Feet of a School. | 3/8/2006 | 4s |
| 21:841(a)(1),(b)(1)(B) | Possession with Intent to Distribute 5 Grams or More of Cocaine. | 3/8/2006 | 5s |
| 21:860(a) | Possession with Intent to Distribute 5 Grams or More of Cocaine within 1000 Feet of a School; Aiding and Abetting. | 3/8/2006 | 6s |
| 18:924(c)(1) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime. | 3/8/2006 | 7s |
| 18:922(g)(1) | Possession of a Firearm by a Convicted Felon. | 3/8/2006 | 8s |
| 21:841(a)(1),(b)(1)(C) | Distribution of Cocaine. | 3/4/2006 | 9s |
| 21:860(a) | Distribution of Cocaine within 1000 Feet of a School. | 3/4/2006 | 10s |

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 ··· Imprisonment

DEFENDANT:          RAYMOND MAINOR                    Judgment — Page ___3___ of ___7___
CASE NUMBER:        06-140-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:

240 months, as to counts 1s, 2s, 3s, 4s, 5s, 6s, 9s and 10s, to run concurrently and 120 months, as to count 8s also to run concurrently and
60 months, as to count 7s, to run consecutively, all for a total term of 300 months.

X    The court makes the following recommendations to the Bureau of Prisons:
     The Court recommends that the defendant be placed in an institution within 100 miles of or as close as possible, to
     Atlanta, GA.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ ☐ a.m.  ☐ p.m.   on _____ .

     ☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on _____ .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:     RAYMOND MAJNOR
CASE NUMBER:   06-140-1

Judgment—Page   4   of   7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

20 years, as to counts 1s, 2s, 3s, 4s, 5s, 6s, 9s and 10 and 3 years, as to counts 7s and 8s, all to run concurrently for a total of 20 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse.  (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
     student, as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of
     each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other
     acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any
     controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a
     felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any
     contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the
     permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal
     record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the
     defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

DEFENDANT:        RAYMOND MAINOR
CASE NUMBER:      06-140-1

Judgment—Page __5__ of __7__

## ADDITIONAL SUPERVISED RELEASE TERMS

1.) The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

2.) The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

3.) The defendant shall pay to the United States a fine of $60,000.00, consisting of a $10,000.00 fine, per count. The Court will waive the interest requirement in this case.

4.) The fine is due immediately and shall be paid in full within 30 days of sentencing. In the event the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of not less than $200.00, to commence 30 days after release from confinement.

5.) The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing address or residence that occurs while any portion of the fine remains unpaid.

6.) The defendant shall pay to the United States a total special assessment of $600.00, which shall be due immediately.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

| | | Judgment — Page 6 of 7 |
|---|---|---|

DEFENDANT:       RAYMOND MAJNOR
CASE NUMBER:     06-140-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 600.00 | $ 60,000.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ 0 | $ 0 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X   the interest requirement is waived for the   X   fine   ☐ restitution.

    ☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

DEFENDANT:       RAYMOND MAINOR                    Judgment — Page ___7___ of ___7___
CASE NUMBER:     06-140-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ☐   Lump sum payment of $ _____ due immediately, balance due

        ☐   not later than _____ , or
        ☐   in accordance      ☐ C,    ☐ D,    ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   X   Special instructions regarding the payment of criminal monetary penalties:

        The defendant shall pay to the United States a total fine of $60,000.00, due immediately. The fine shall be paid in full within 30
        days of sentencing. In the event that the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the
        amount due in monthly installments of not less than $200.00, to commence 30 days after release from confinement. The defendant
        shall pay to the United States a total special assessment of $600.00, due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
    Bryco Arms, 9mm semi-automatic firearm, serial number 1330801.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

EXHIBIT C

154A

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: MAINOR  RAYMOND          59883-066          LYC A          LSCI ALLENWOOD
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.          UNIT          INSTITUTION

**Part A- INMATE REQUEST** Raymond Mainor seeks formal review of case manager L. Getz violation of a court order/ BOP policy regarding payment of fines. As the court's have held "[o]nly a sentencing court may impose a specific schedule to be collected during imprisonment, and the BOP lack[s] authority to substitute it's own schedule. Where the sentencing court did not set a schedule for payments during petitioner's incarceration period, the BOP is not authorized to collect payments. Id. Jones. In this matter L. Getz has stepped outside of her area and sought to interpret what the court did not ask her to do and took arbitrary and capricious actions by putting Mainor on "FRP refuse." Mainor has never refused to pay his fine as ordered by the court, has not been presented with an agreement to voluntarily make $25.00 per quarter[ly] nor has he been presented [with] an amended court order altering the payments schedule. Attached as Exh. A is a copy of the schedule of payment from Mainor's judgment. The court ordered that the fine shall be paid within 30 days of sentencing [if not paid within 30 days] the defendant shall satisfy the amount due in monthly installments of not less than $200.00 to commence 30 days after release from confinement. The only amount DUE IMMEDIATELY is $600.00 special assessment which has been paid. The court never set a payment schedule while I was incarcerated to pay anything. The BOP PS 5380.08 recognizes the court's authority to set a schedule, and no part of the policy states staff should force and intimidate inmates into FRP. It requires staff to encourage inmates meet their financial obligations. As remedy, first, I am requesting L. Getz refrain from her arbitrary and capricious actions of misrepresenting that I refused FRP, and stepping outside of her area. Second, there is but three options (1) allow me to pay voluntarily $25.00 per quarterly in an agreement, (2) place me on "NO OBLG" until Mainor is release from incarceration, (3) Mainor can obtain an injunction from the federal court to resolve this matter. Mainor's preference is either option 1 or 2

See Soroka v. Daniels, 467 F.Supp 2d 1097 (D.Or. 2006); Dixey v. Daniels, 2007 U.S. LEXIS 49778 (9th Cir. 2007); Jones v. Daniels, 2007 U.S. Dist. LEXIS 49442 (9th Cir. 2007)

5/4 DATE 2018          *Raymond Mainor*          SIGNATURE OF REQUESTER

**Part B- RESPONSE**

See attached

Rec'd 5/10/18 SF

DATE          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE          CASE NUMBER: 949855-F1

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          ✪ PRINTED ON RECYCLED PAPER          BP-229(13)
APRIL 1982

MAINOR, Raymond
Reg. No.:  59883-066
Appeal Number:  949825-F1
Page 1

---

### Part B - Response

This is in response to your Request for Administrative Remedy received on August 10, 2018, where you allege your Case Manager modified a court order and request to be placed in "NO OBLIGATION" status regarding your court-ordered fine.

According to Program Statement 5380.08, Inmate Financial Responsibility Program (IFRP), inmates are required to make payment toward their court-ordered financial obligations.  At the time you were sentenced, the sentencing judge ordered you to pay a $600.00 felony assessment, which has been paid in full, and a fine in the amount of $60,000.00.  Per your Judgment and Commitment Order, you were required to make an immediate payment of $60,000.00, within 30 days of sentencing.  The sentencing judge further ordered, "In the event that the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of not less than $200.00, to commence 30 days after release from confinement."  Your Judgment and Commitment Order does not state you are not required to make commensurate payments toward your financial obligations while incarcerated, thus you are and will be required to make commensurate payments on your outstanding balance.

When reviewing to determine a financial responsibility plan, the Unit Team must determine the total funds deposited into the inmate's trust fund account for the previous six months, subtract the IFRP payments made by the inmate during the previous six months, and subtract $450.00 to allow for the Inmate Telephone System for communication with family and friends.  Any remaining funds after this computation may be considered for IFRP payments.

Upon reviewing your case, in the past six months, you have had a total of $3,640.00 deposited into your inmate account.  You have made a total of $50.00 in payments toward your court ordered financial obligations. Based on the noted criteria, the amount of funds to be considered for payment toward your obligations is $3,140.00.  This would equate to a monthly payment of $523.00.  At your most recent program review, in order that you may purchase personal hygiene items within the commissary and save money for release purposes, your Case Manager created a new IFRP contract with a monthly payment of $75.00.  This amount is within the scope of Program Statement 5380.08, while allowing you the ability to purchase various items.  As you have refused to sign the new IFRP contract, you have been appropriately placed in "FRP REFUSE" status.

MAINOR, Raymond
Reg. No.:  59883-066
Appeal Number:  949825-F1
Page 2

---

Based on the aforementioned information, your Request for Administrative Remedy is denied.

In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(10) to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Street, Philadelphia, PA  19106.

17 Aug 18
Date

D. K. White
Warden

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

SUBJ: Staff misconduct; SUBJ: IFRP

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | MAINOR, RAYMOND | 59583-066 | LYC A | LSCI ALLENWOOD |
|-------|-----------------|-----------|-------|----------------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**      Raymond Mainor seeks review of Case Mgr L. Getz violating a court order/BOP policy regarding payment of fines, the Unit Manager & Warden subornation of and cover-up of L. Getz's misconduct by making false statements in an official proceeding and refusal to address the statutory law and substantive arguments that L. Getz was wrong and the BOP has no authority to set payment schedules, only a sentencing court can set such schedule when it is not contained on the judgment. The false statements made by the Warden, Unit Manager and L. Getz are (1) that Mainor refused to sign a contract as Getz never created one; (2) BOP policy 5380.08 states inmates are "REQUIRED" to make payments whereas the PS states "requires staff to encourage." No where in there does it authorize threats and intimidation, which is what L. Getz does to inmates. In this matter, the Court did not order payments to made while incarcerated, if the court wanted payments during incarceration, it would have explicitly stated so as it does in other orders. (See Exh A). The BOP is not charged with interpretation of a judgment, it is charged with execution of the order. L. Getz stepped outside of her rule and decided to play lawyer and tried to interpret what my judgment states, and now the Warden & Unit Manager are trying to cover-up her mistake, rather than take correction by correcting her mistake and disciplining her.  In the response, the response fails to cite to (a) where it is authorized for the BOP to set a payment schedule and mandate by threat and intimidation that inmates are required to pay. No where in PS 5380.08 does it require or mandate that an inmate make payments.  The Courts have told the BOP in numerous cases that they have no authority to set a payment schedule yet, L. Getz, the Warden and Unit Manager choose to intentionally violate such explicit instructions.  See Soroka v. Daniels, 467 F.Supp 2d 1097 (D.or. 2006); Dixey v. Daniels, 2007 U.S. Dist LEXIS 49778 (9th Cir. 2007); Jones v. Daniels, 2007 U.S. Dist. LEXIS 49442 (9th Cir. 2007).   See continuation page

8/26/2012 _____
DATE

_____ SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE

CASE NUMBER: 949825R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|-------|-----------------|-----------|-------|----------------|

SUBJECT: _____

_____
DATE

_____
SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN

BP-230(13)
JUNE 2002

MAINOR, Raymond
Reg. No. 59883-066
Appeal No. 949825-R1
Page One

---

### Part B - Response

You appeal the response from the Warden at LSCI Allenwood regarding the application of the Inmate Financial Responsibly Program (IFRP) to you.  Specifically, you contend you were coerced to enter into the Financial Responsibility Plan (FRP) contract.  You claim you are not obligated to pay your court-ordered financial obligations while incarcerated and the Federal Bureau of Prisons (BOP) does not have the authority to establish a payment plan.

Pursuant to Program Statement 5380.08, Financial Responsibility Program, Inmate, the BOP has established procedures to encourage inmates to contribute toward court-ordered financial obligations while incarcerated.  As a law enforcement agency, the BOP is required to put forth a diligent effort to collect court-ordered financial obligations.  Although participation is voluntary, encouraging payment of court-ordered financial obligations is consistent with promoting responsibility in inmates.  Inmates who choose not to participate demonstrate poor responsibility and are held accountable for their inactions.  Participation and/or progress in this area is reviewed each time staff assesses an inmate's demonstrated level of responsible behavior.

A review of your appeal reveals the Warden adequately addressed your complaint.  Records reflect you were sentenced by the U.S. District Court for the Eastern District of Pennsylvania on April 24, 2008.  This sentence includes a $600.00 felony assessment and a $60,000.00 fine.  The financial obligations are ordered to be paid immediately, and additional instructions are provided in the event the financial obligations are not paid in full prior to the commencement of supervision.  Payment of criminal monetary penalties are due during imprisonment.  Records indicate your case was recently reviewed, and you refused to participate in the IFRP.  You have provided no evidence to suggest you are being coerced to participate in the IFRP or that these payments are no longer required.  Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons.  Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date:  September 28, 2018

J. RAY ORMOND
Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

*11*

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: MAINOR, Raymond                    59883-066          LYC A          LSCI ALLENWOOD
      ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾          ‾‾‾‾‾‾‾‾‾          ‾‾‾‾          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.          UNIT              INSTITUTION

**Part A—REASON FOR APPEAL** Mr. Mainor seeks review of the Regional Director, Warden, AW, and Unit Manager's refusal to correct abusive conduct of staff L. Getz in regards to my FRP. Her misconduct has impacted my religious practices as I am unable to purchase religions items needed for fasting, among other things. The lack fo investigation has denied me relief for which I will seek monetary punative damages  for negligence and violation of my first amendment right. As of June 12, 2018 (last FRP payment) I had an FRP agreement to pay $25.00. As demonstrated by the IFP reports in SENTRY, I have consistently made my quarterly payments from my trust account without an issue. Sometime between June 12 and September 2018 L. Getz took it upon herself to cancel my automatic FRP payments without my permission and consent. As a result of her arbitrary and capricious actions, my Sept quarterly payment did not come out and SHE put me on FRP refuse when I never refused. To hide her misconduct, she has been lying to the Unit Manager, AW, Warden and Regional Director about what she did and they have covered up for her instead of taking corrective action.  L. Getz never advised me prior to September that she was stopping my FRP automatic payments, nor did I request it. She has told others I refused, but has provided no documentation that I signed saying I refused. Moreover when I asked her for a copy of the agreement for $25.00 she has refused to provide it. As a result of L. Getz's negligent conduct, my payments fell behind and I am being denied the ability to purchase items from commissary for religious practices purposes. I took steps to bring my FRP payments up to date with the court and provided copies of the receipt. Instead of L. Getz posting the payments to the quarters going forward, she misposted them to keep me in FRP refuse and further abuse her authority as she knows there is no consequences for her illegally, arbitrary and capricious actions. I am not the only one she has done this to. She needs to be removed ASAP from this position and I need to be taken out of FRP Refuse.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
10/12/2018                                        _Raymond Mo_
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
         DATE                                 SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

OCT 2 2 2018

Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED

NOV 0 5 2018

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
         DATE                                         GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _949825 A1_

**Part C—RECEIPT**
                                          CASE NUMBER: ‾‾‾‾‾‾‾‾‾‾‾‾

Return to: ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT        INSTITUTION

SUBJECT: ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                        ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
         DATE                             SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

Administrative Remedy No. 949825-A1
Part B - Response

This is in response to your Central Office Administrative Remedy
Appeal wherein you contend the Bureau of Prisons does not have the
authority to set the installment payment plan through the Inmate
Financial Responsibility Program (IFRP).  For relief, you request to
be removed from your IFRP-Refuse status.

We have reviewed documentation relevant to your appeal and, based on
the information gathered, concur with the manner in which the Warden
and Regional Director addressed your concerns at the time of your
Request for Administrative Remedy and subsequent appeal.  Program
Statement 5380.08, Inmate Financial Responsibility Program,
establishes the procedure by which an inmate may make efforts toward
meeting their criminal monetary penalties and legitimate financial
obligations.  Payment amounts are based on a formula contained within
this Program Statement and considers all funds received from all
sources.  The courts have upheld the authority of the Bureau of
Prisons to collect court-ordered financial obligations through the
IFRP and have held that the IFRP procedures are lawful and
Constitutional.

When you were sentenced, the Court imposed a $600.00 felony assessment
and a $60,000 fine.  The balance of $200 owed on your felony
assessment has expired and you have a balance of $59,450 on your fine.
Your Judgment & Commitment Order indicates, "Unless the Court has
expressly ordered otherwise, if this judgment imposes imprisonment,
payment of criminal monetary penalties is due during imprisonment."

The Bureau of Prisons considers that your criminal monetary penalties
are subject to payment via the IFRP.  A review of the record reveals
you are currently in IFRP-Refuse status.  Inmate participation in the
IFRP is completely voluntary, but failure or refusal to make
satisfactory progress toward meeting financial obligations may result
in the limitation of certain privileges reflective of a demonstration
of poor responsibility.  We find the actions of staff in this matter
to be reasonable and consistent with the intent of policy and the
direction of the sentencing court.

Accordingly, your appeal is denied.


_____                    _____
Date                                   Ian Connors, Administrator
                                       National Inmate Appeals


**RECEIVED**

NOV 0 5 2018

EXHIBIT D

09/18/2018 10:17 AM PDT

U.S. Courts
Case Inquiry Report
Case Nam: DPAE206CR000140; Party Num: 001; Payee Code: N/A
Show Party Details: Y; Show Payee Details: N; Show Transactions: Y

Transaction Information:

| Document Type#/Number* / Account Number | Debt Type Line# | Document Date / Debt Type | Accomplished Date / Line Type | Payee Line# | Amount | Depository Line# | Party/Payee Name | J/S Account Code | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CK 2276 DPAE206CR000140-001 | 2 | 04/09/2009 SPECIAL PENALTY ASSESSMENT | 04/20/2009 PR | | 150.00 | | RAYMOND MAINOR | | O | 99 | 504100 |
| CT PPE001004 DPAE206CR000140-001 | 2 | 05/19/2009 SPECIAL PENALTY ASSESSMENT | 05/19/2009 PR | | 25.00 | | RAYMOND MAINOR | | O | 04 | 504100 |
| CT PPE001522 DPAE206CR000140-001 | 2 | 06/23/2009 SPECIAL PENALTY ASSESSMENT | 06/23/2009 PR | | 25.00 | | RAYMOND MAINOR | | O | 04 | 504100 |
| CT B061109DPAE206CR0001400122 DPAE206CR000140-001 | 2 | 06/11/2009 SPECIAL PENALTY ASSESSMENT | 07/01/2009 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B080109DPAE206CR0001400164 DPAE206CR000140-001 | 2 | 08/01/2009 SPECIAL PENALTY ASSESSMENT | 08/01/2009 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B090109DPAE206CR0001400163 DPAE206CR000140-001 | 2 | 09/01/2009 SPECIAL PENALTY ASSESSMENT | 09/01/2009 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B100109DPAE206CR0001400123 DPAE206CR000140-001 | 2 | 10/01/2009 SPECIAL PENALTY ASSESSMENT | 10/01/2009 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B110109DPAE206CR0001400166 DPAE206CR000140-001 | 2 | 11/01/2009 SPECIAL PENALTY ASSESSMENT | 11/01/2009 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B120109DPAE206CR0001400162 DPAE206CR000140-001 | 2 | 12/01/2009 SPECIAL PENALTY ASSESSMENT | 12/01/2009 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B120109DPAE206CR0001400123 DPAE206CR000140-001 | 2 | 12/01/2009 SPECIAL PENALTY ASSESSMENT | 01/01/2010 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B020110DPAE206CR0001400163 DPAE206CR000140-001 | 2 | 02/01/2010 SPECIAL PENALTY ASSESSMENT | 02/01/2010 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B070114DPAE206CR0001400164 DPAE206CR000140-001 | 1 | 07/01/2014 FINE-CRIME VICTIMS FUND | 07/01/2014 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B100114DPAE206CR0001400167 DPAE206CR000140-001 | 1 | 10/01/2014 FINE-CRIME VICTIMS FUND | 10/01/2014 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B010115DPAE206CR0001400164 DPAE206CR000140-001 | 1 | 01/01/2015 FINE-CRIME VICTIMS FUND | 01/01/2015 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B040115DPAE206CR0001400167 DPAE206CR000140-001 | 1 | 04/01/2015 FINE-CRIME VICTIMS FUND | 04/01/2015 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B070115DPAE206CR0001400165 DPAE206CR000140-001 | 1 | 07/01/2015 FINE-CRIME VICTIMS FUND | 07/01/2015 PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |

09/18/2018 10:17 AM PDT

Version 7.1    Page 4    of    5

## U.S. Courts
## Case Inquiry Report
Case Num: DPAE206CR000140; Party Num: 001; Payee Code: N/A
Show Party Details: Y; Show Payee Details: N; Show Transactions: Y

**Transaction Information:**

| Account Number / Document Type/Number* | Debt Type Line# / Debt Type | Document Date | Accomplished Date | Line Type | Payee Line# | Amount | Depository Line# | Party/Payee Name | J/S Account Code | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CT B100115DPAE206CR0001400164 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 10/01/2015 | 10/01/2015 | PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B010116DPAE206CR0001400163 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 01/01/2016 | 01/01/2016 | PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B070116DPAE206CR0001400164 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 07/01/2016 | 07/01/2016 | PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B100116DPAE206CR0001400160 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 10/01/2016 | 10/01/2016 | PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B010117DPAE206CR0001400156 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 01/01/2017 | 01/01/2017 | PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B040117DPAE206CR0001400160 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 04/01/2017 | 04/01/2017 | PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B070117DPAE206CR0001400159 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 07/01/2017 | 07/01/2017 | PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B100117DPAE206CR0001400154 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 10/01/2017 | 10/01/2017 | PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B010118DPAE206CR0001400154 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 01/01/2018 | 01/01/2018 | PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B040118DPAE206CR0001400156 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 04/01/2018 | 04/01/2018 | PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT B070118DPAE206CR0001400152 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 07/01/2018 | 07/02/2018 | PR | | 25.00 | | RAYMOND MAINOR | | O | OP3 | 504100 |
| CT PPE183280 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 08/17/2018 | 08/17/2018 | PR | | 25.00 | | RAYMOND MAINOR | | O | 04 | 504100 |
| CT PPE184655 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 09/13/2018 | 09/13/2018 | PR | | 100.00 | | RAYMOND MAINOR | | O | 04 | 504100 |
| CT PPE184704 DPAE206CR000140-001 | FINE-CRIME VICTIMS FUND | 09/14/2018 | 09/14/2018 | PR | | 25.00 | | RAYMOND MAINOR | | O | 04 | 504100 |

* Document Type Legend

Document Type          Document Type Name

March 7, 2019

Raymond Mainor, Reg #59883-066
LSCI Allenwood
P O Box 1000
White Deer, PA 17887

U.S. District Court - Middle District of Pennsylvania
235 N. Washington Ave
Scranton, Pennsylvania 18503

    Re:  New Filing

Dear Clerk of Court:

    Please find enclosed a new civil action under the Federal Tort Claims Act.

    Additionally, you will find enclosed a completed Informa Pauperis application so that the fees for the case can be deducted from my account.

    Should you require any additional information, please do not hesitate to contact me at the address above.

Respectfully,

*Raymond Mainor*

Raymond Mainor

