IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RAYMOND MAINOR, | : | |
|---|---|---|
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 3:19-CV-0491 |
| v. | : | |
| | : | (Judge Caputo) |
| UNITED STATES OF AMERICA, et al., | : | |
| | : | |
| Defendants | : | |

# M E M O R A N D U M

## I. Introduction

Presently before the Court is Mr. Mainor's Motion to Reopen his case. (ECF No. 11.) The Court will construe his motion as a motion for reconsideration of this Court's July 22, 2019 Order dismissing his action without prejudice due to his failure to timely submit the filing fee in this matter. (ECF No. 10.)

For the following reasons, Mr. Mainor's motion will be denied.

## II. Background

On March 7, 2019, Mr. Mainor filed the above captioned civil rights complaint under 28 U.S.C. § 1331 and the Federal Tort Claim Act concerning events that transpired at LSCI Allenwood in August-2018. (ECF No. 1.) On May 2, 2019, the Court denied Mr. Mainor's motion to proceed *in forma pauperis* based on his inmate account balance of $11,888.84. (ECF No. 5.) The Court gave Mr. Mainor 21-days to decide

whether he wanted to proceed with the case, and if so, to pay the full filing and administrative fee. (*Id.*) On July 22, 2019, the Court dismissed Mr. Mainor's action without prejudice due to his failure to pay the filing and administrative fee in this matter. (ECF No. 10).

### III.     Standard of Review

A motion for reconsideration filed pursuant to Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645 - 46, 162 L.Ed.2d 480 (2005). In order to prevail on a Rule 60(b) motion, the moving party must establish mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud or other misconduct; that the judgment is void; that the judgment was satisfied; or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

### IV.     Discussion

On August 26, 2019, Mr. Mainor filed a motion for reconsideration requesting the reopening of his case and grant him 15 days to pay the filing fee based on his recent transfer. (ECF No. 11.) He claims he was in transit "for about a month and did not have his property or legal mail" and because "the warden was holding him in the special housing unit." (*Id.*) Mr. Mainor is presently housed at the Devens Federal Medical Center in Ayer, Massachusetts.[1]

---

[1] *See* https://www.bop.gov/inmateloc/ (search: Raymond Mainor; last visited August 30, 2019.)

- 2 -

Mr. Mainor's last correspondence with the Court was in June 2019. Mr. Mainor offers no explanation why his lack of access to his property or legal mail in the past month prevented him from communicating with the Court as to his transfer or the payment of the filing fee. He offers no evidence to suggest that prison officials interfered with, or otherwise thwarted, his efforts to pay the filing fee in this matter since May. Therefore, Mr. Mainor's motion for reconsideration will be denied.

In reaching this decision, the Court is mindful that Plaintiff's action is founded upon events that transpired in August 2018 and that our dismissal was without prejudice to him refiling a new action. See *Lindsey v. Roman*, 408 F. App'x 530 (3d Cir. 2010) (it is within the discretion of district court to deny inmate's motion for reconsideration of dismissal for failure to timely pay filing fee or complete *in forma pauperis* application where inmate may refile complaint at any time within the applicable limitations period). Mr. Mainor is free to file a new complaint and either apply for *in forma pauperis* standing or pay the filing fee, in a timely manner and within the applicable statute of limitations period.

An appropriate order follows.

**DATED: September 6, 2019**  /s/ A. Richard Caputo
                                               **A. RICHARD CAPUTO**
                                               **United States District Judge**